IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GUS R. LEHMANN, and RENEE C. LEHMANN,

      Plaintiffs,

v.                                                      No. 2:25-cv-782-GBW-KRS

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on October 15, 2025. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below:

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

    (a)    Maximum of **twenty-five (25)** interrogatories by each side, with responses due **thirty (30)** days after service.

    (b)    Maximum of **twenty-five (25)** requests for admission by each side, with responses due **thirty (30)** days after service.

    (c)    Maximum of **thirty-five (35)** requests for production by each side, with responses due **thirty (30)** days after service.

    (d)    Maximum of **ten (10)** depositions by each side. Each deposition is limited to a maximum of **five (5) hours** unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to move to amend pleadings or join additional parties: **November 5, 2025.**

(b) Deadline for Defendant to move to amend pleadings or join additional parties: **December 5, 2025.**

(c) Deadline for Plaintiff's Expert Reports: **January 23, 2026**.[1]

(d) Deadline for Defendants' Expert Reports: **February 23, 2026**.

(e) Termination of Discovery: **May 1, 2026**.

(f) Deadline for supplementing discovery/disclosures: **Due within thirty (30) days of receipt of information giving rise to the need for supplementation.**

(g) Motions relating to discovery: **May 21, 2026**.

(h) All other motions:[2] **June 1, 2026**.

(i) Pretrial order: **To be set by the presiding judge**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made

---

[1] The parties must have their experts ready to be deposed at the time they identify them and produce their reports.

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order. Counsel should review and comply with the chambers-specific guidelines for the presiding and referral judges assigned to this case, which are available at *https://www.nmd.uscourts.gov/judges*. Each judge may have practices and submission procedures that counsel are expected to follow.

by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time-period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

    **SO ORDERED THIS 15th day of October 2025.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE